**FILED**

12/18/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0324

# SYNOPSIS OF THE CASE[1]

**2024 MT 313, DA 24-0324: COTTONWOOD ENVIRONMENTAL LAW CENTER; LIZ AMETSBOSCHLER; DANNY CHORIKI; JEREMY DRAKE; AVIV GUSCIO; KATIE HARRISON; YOUPA STEIN; MARY STRANAHAN; JANS SWANSON and THOMAS WALDORF,** Plaintiffs and Appellees, **v. STATE OF MONTANA,** Defendant and Appellant.

The Montana Supreme Court has ruled that the Montana Constitution's limit of local self-government powers also necessarily limits the local power of initiative.

The five to two majority Opinion reverses an order made by a district court judge in Lewis and Clark County in March 2024, declaring unconstitutional a law limiting the local power of initiative.

Plaintiffs sued the State of Montana, seeking a declaration that part of the law, which limited the local power of initiative from regulating "auxiliary containers" (among other things, single-use plastics), was unconstitutional under the Montana Constitution's grant of the power of initiative to electors in local government units. Plaintiffs also sought a declaration that the state law that precluded local governments from regulating auxiliary containers was unconstitutional under the right to a clean and healthful environment.

In reversing the District Court, the Supreme Court held that the Montana Constitution explicitly allows the Legislature to restrict the power of local governments with self-governing power. It reasoned that the local power of initiative necessarily included the same limits as those on local government power. The Supreme Court noted that statutes are presumed constitutional, and Plaintiffs had not yet overcome that presumption with regard to the rest of the law.

Thus, with the facts and law before it, the limit on the local power of initiative was also constitutional.

Two Justices dissented. The dissent reasoned that the local power of initiative should not be constrained beyond the limits in the Constitution and that the citizens of a local government unit should be able to hold an initiative on whether a local government unit should regulate auxiliary containers. Only after the initiative passed, the dissent reasoned, should a case be filed to determine whether the local government unit had the power to enforce the initiative.

The Supreme Court noted that Plaintiffs' clean and healthful environment claims were not yet before the Court and made no comment on that claim, which is still before the District Court.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.